116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fahey OWENS, Defendant-Appellant.
 No. 96-3352.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 5, 1997*
Decided June 5, 1997
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 95 CR 411; James B. Moran, Judge.
 Before WALTER J. CUMMINGS, WILLIAM J. BAUER, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Fahey Owens pleaded guilty to two counts of bank robbery and one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a). At sentencing, the district court found that Owens had made an express threat of death under U.S.S.G. § 2B3.1(b)(2)(F) and applied a two-point enhancement to Owens' sentence. Owens appeals the increase.
 
 
 2
 Owens pleaded guilty to a three-count indictment, admitting the following facts: In December 1994, Owens attempted to rob Austin Bank of Chicago by handing the teller a note stating, "I have a gun, put the money on the counter and you will not be hurt or anyone shot." The teller explained that she did not know how to read. Owens then left the bank without taking money from the teller. During the encounter, Owens kept his hand in his jacket. In February 1995, Owens entered American Midwest Bank in Melrose Park, Illinois, and handed the teller a note which read, "I have a gun. Put $10, $20, and $50 dollar bills on the counter and no one will get hurt." The bank teller gave him the money. Although he did not show a gun, he kept his hand in his pocket, and the teller believed that Owens had a weapon. In July 1995, Owens entered the First Bank of Oak Park, Illinois, and handed the bank teller a note reading, "I have a gun. Put all the money on the counter and no one will get hurt." The teller gave Owens money from her cash drawer. As Owens walked out of the bank, he was apprehended by Oak Park police officers.
 
 
 3
 The written plea agreement indicated that the parties had agreed that a two-level increase under U.S.S.G. § 2B3.1(b)(2)(F) was appropriate due to the express threats of death made by Owens. Prior to sentencing, however, Owens objected to the Guideline computation, asserting that his demand notes constituted only intimidation and did not rise to the level of express threats. At sentencing, the district court concluded that under. the applicable case law, an express threat of death took place. The court then sentenced Owens to 92 months' incarceration. The sole issue on appeal is whether the increase under U.S.S.G. § 2B3.1(b)(2)(F) was appropriate.
 
 
 4
 Because the facts are not disputed and this case involves a legal interpretation of "express threat of death" under the Guidelines, we review the district court's decision de novo. See United States v. Jackson, 95 F.3d 500, 505 (7th Cir.1996); United States v. Jones, 83 F.3d 927, 929 (7th Cir.1996). In general, § 2B3.1(b)(2)(F) provides that if an express threat of death is made during the course of a robbery, a two-level enhancement to the base level offense is appropriate. United States v. Robinson, 20 F.3d 270, 276 (7th Cir.1994). An express threat of death may be in the form of an oral or written statement, act, gesture, or combination of such. Id.; see also U.S.S.G. § 2B3.1(b)(2)(F), note 6.
 
 
 5
 In this case, we conclude that Owens made express threats of death. Previously, we have concluded that a bank robber's statement, "I have a gun and am not afraid to use it" was sufficient for the § 2B3.1(b)(2)(F) enhancement. See Robinson, 20 F.3d at 276. In Robinson, we determined that the defendant made an express threat of death because the statements created a "significantly greater fear than necessary" to constitute an element of the robbery in a reasonable person in the bank teller's position. Id. at 276 (citing U.S.S.G. § 2B3.1(b)(2)(F), note 7 (1994)).
 
 
 6
 In sum, Owens' various statements that he had a gun, in tandem with the threat that if he were given money no one would be hurt, are sufficient to show express threats of death. Owens' demand notes, especially the statement that "you will not be hurt or anyone shot," coupled with gestures indicating he was carrying a weapon, could have easily created a reasonable apprehension on the part of the tellers that their lives were threatened. As we have previously explained, once the bank robber indicates that he has a gun and threatens to use it, enhancement under § 2B3.1(b)(2)(F) is appropriate. Jones, 83 F.3d at 929. Last, although it is unclear from the record whether Owens in fact had a gun during the three bank robberies, whether he was actually armed is not dispositive. See id.; United States v. Hunn, 24 F.3d 994, 997 n. 5 (7th Cir.1994).
 
 
 7
 For these reasons, the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)