**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Spencer L. JONES, Jr., Defendant–Appellant.**

No. 95–3923.

United States Court of Appeals, Seventh Circuit.

Argued April 16, 1996.

Decided May 16, 1996.

---

Andrew B. Baker, Jr., Bernard L. Van-Wormer (argued), Office of the U.S. Atty., Dyer, IN, for U.S.

David L. Chidester, Valparaiso, IN, for Spencer L. Jones, Jr.

Before ESCHBACH, MANION, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Spencer Jones was convicted following a jury trial of robbing the Bethlehem Employees Federal Credit Union in Michigan City, Indiana. Three tellers from the credit union testified about various things the robber said when he handed a note to one of them stating his intention to commit the crime. In addition to presenting the note, one of the tellers testified that the crook said "this was a robbery, that he had a gun, and not to pull any alarms and to give him the money." Another teller heard the robber say that they should "not pull any alarms, because if you do, I have a gun and I'll use it." Another teller heard the robber say this was no joke.

On this appeal, Jones contends that the evidence was insufficient to support the jury's verdict, that his sentence should not have been enhanced two levels for making an "express threat of death" under § 2B3.1(b)(2)(F) of the federal sentencing guidelines, and that prior to the trial, he should have been found incompetent to proceed due to a diagnosis of "antisocial personality disorder." Only the middle issue has enough merit to require an extended discussion.

The test for competency to proceed to trial is fairly simple: Does the defendant have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and does he have a rational as well as a factual understanding of the proceedings against him. *See United States v. Garrett*, 903 F.2d 1105 (7th Cir. 1990). Jones raised the issue of his competency prior to trial and the district judge held a hearing, after which he concluded that Jones failed to establish that he was suffering "from a mental disease or defect render-

ing him incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him or to assist properly in his defense." This factual finding is reviewed for clear error, and there can be none here as the district court relied on the testimony of Dr. Kenneth Wolfson, a board certified psychiatrist who examined Jones and gave him the okay to proceed. Wolfson's testimony was that Jones, although having an antisocial personality disorder, did not have the sort of impediment that would interfere with his ability to either rationally or factually understand the proceedings against him or retard his ability to consult with and assist his attorney if he wished to do so. The competency issue, accordingly, is without merit.

■ Jones' challenge to the sufficiency of the evidence is equally without merit. In fact, this issue is so without merit that we are almost scratching our heads in amazement that the defendant is raising it on this appeal. Given that three tellers identified Jones as the robber, and that his brother testified that Jones displayed a bag of loot (at least $10,000) which obviously, under the circumstances, came from the Bethlehem credit union, impels a quick move to the reject pile for Jones' challenge to the sufficiency of the evidence against him.

The enhancement issue has a bit more meat on the bone. Because the facts bearing on the issue are not really in dispute, our review of the issue is *de novo*.

The federal sentencing guidelines provide a base offense level of 20 for the crime of robbery. § 2B3.1. Once the base offense level is established, a smorgasbord of specific offense characteristics come into play, and the important one here is found in § 2B3.1(b)(2) which provides for an escalating scale of enhancements regarding weapons and threats. At the top end of the scale, 7 points are added to the base offense level if a firearm is discharged during the course of the robbery. In the middle of the range, 4 points are added if a "dangerous weapon" is used. At the bottom of the scale, 2 points are added "if an express threat of death was made."

■ The evidence does not show whether Jones actually had a gun with him during the heist, but we think it logical to assume that he did because that is what he said. Why would anyone want to assume that he was merely a liar or a bluffer? But the fact that he may have actually been unarmed is of no consequence provided he instilled in the tellers "significantly greater fear than that necessary to constitute an element of the offense of robbery." *United States v. Hunn*, 24 F.3d 994, 998 (7th Cir.1994). Jones' statements (1) that he had a gun, (2) that it was "no joke," (3) that the tellers were "not to pull any alarms," for if they did (4) "I'll use it" are sufficiently escalating verbal threats that can and do get custodians of money, like the tellers here, quaking in their boots. Jones' statements were at least as egregious as the statement "I have a gun and I'm not afraid to use it," which we found sufficient to trigger a similar 2-level enhancement in *United States v. Robinson*, 20 F.3d 270 (7th Cir.1994). Jones' statements were sufficient to put a reasonable person in the tellers' position in fear of death, and they are therefore sufficient to support the mild 2-level increase under § 2B3.1 of the guidelines. If a person robbed a bank by delivering a note to a teller stating something like "give me the money and keep your mouth shut," an enhancement would be inappropriate. But once a robber starts embellishing—"I have a gun—I'm not afraid to use it—don't pull any alarms"—he's asking for an enhancement under the guidelines because those sorts of comments place a teller, who is seriously vulnerable, in a position of enhanced fear.

For these reasons, the judgment of the district court is AFFIRMED.