165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Samuel J. POTTS, Defendant-Appellant.
 No. 98-2475.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1998.
Decided Dec. 9, 1998.
Rehearing Denied Dec. 29, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 97 CR 205. Rudolph T. Randa, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JESSE E. ESCHBACH, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Samuel Potts pleaded guilty to six counts of bank robbery, 18 U.S .C. § 2113(a). The presentence report (PSR) recommended a two-level increase in offense level under U.S.S.G. § 2B3.1(b)(2)(F) because Potts made "an express threat of death" during four of the robberies. The district court over objection adopted the PSR recommendation and increased Potts's offense level from 24 to 26. Potts appeals only this ruling.
 
 
 2
 At sentencing, both parties agreed to the following facts as set out in paragraphs 10--12 of the PSR. Potts was charged by information with robbing six banks in Milwaukee and West Allis, Wisconsin, from July to October 1997. Each time he would enter the bank and hand the teller a demand note. Although some of the notes stated that Potts had a gun, in fact he had no weapon and did not make any gestures suggesting he did have a weapon. The demand notes read as follows:
 
 
 3
 Robbery 1: "This is a robbery, and Give me the $20's and $10's and don't say anything."
 
 
 4
 Robbery 2: "This is a robbery and I have a gun."
 
 
 5
 Robbery 3: "This is a robbery. Keep calm, place all the 100's and 50's on the counter and no one will be hurt. I have a gun."
 
 
 6
 Robbery 4: "This is a robbery. Remain calm. Place the 100's and 50's on the counter. I have a gun. No one will get hurt."
 
 
 7
 Robbery 5: "This is a robbery. Place all the 100's and 50's on the counter. I have a gun. Remain clam [sic], so no one will get hurt."
 
 
 8
 Robbery 6: "This is a robbery."
 
 
 9
 Pursuant to a written plea agreement, Potts pleaded guilty to all six robberies. In its presentence report, the probation office recommended a two-point increase in the offense level for the second, third, fourth, and fifth robberies because during each Potts made "an express threat of death;" i.e., through his notes in these robberies Potts told the tellers that he had a gun. Potts objected to this recommendation on the ground that the warnings about having a gun were mitigated by other statements that the teller should "remain calm" and that "no one will get hurt." The district court rejected Potts's argument, explaining that the mitigating language would not "suppress the belief on the part of a reasonable teller that after the express threat of death is included in there that that is and indeed remains an express threat of death."
 
 
 10
 Whether a bank robber's statement constitutes an express threat of death involves the legal interpretation of a sentencing guideline which this court reviews de novo. See United States v. Gibson, 155 F.3d 844, 846 (7th Cir.1998). Whether the statement amounts to a threat of death under the circumstances is a factual question that is reviewed for clear error. See United States v. Carbaugh, 141 F.3d 791, 792-93 (7th Cir.1998).
 
 
 11
 Under U.S.S.G. § 2B3.1, the base offense level for bank robbery is subject to a two-point increase if a threat of death is made during the commission of the robbery. In Carbaugh, this court held that the statement "I have a gun," unaccompanied by any gestures or other threatening remarks, is sufficient to constitute a threat of death for the purposes of this guideline. 141 F.3d at 794. See also Gibson, 155 F.3d at 846. Although Potts acknowledges Carbaugh, he nonetheless argues that he did not make death threats because his words were unaccompanied by any gestures that may have indicated to the tellers that he had a weapon or that he would use it. This argument was soundly rejected in Carbaugh's holding that the statement "I have a gun" with nothing more is enough to constitute a threat of death. 141 F.3d at 794. Potts further attempts to except his conduct from the holding in Carbaugh by focusing on the fact that the defendant in Carbaugh had a verbal discussion with the teller during which he repeatedly stated "This is a robbery" after saying he had a gun. Again this distinction is irrelevant because this court in Carbaugh specifically did not rely on the defendant's verbal statements. 141 F.3d at 792. Instead, the court based its holding solely on the statement "I have a gun." Id. Potts's note told the teller that he had a gun; therefore he met the requirement for a finding of threat of death under Carbaugh.
 
 
 12
 The Carbaugh holding is not an absolute because "[i]t is conceivable that unusual mitigating circumstances accompanying this statement could deprive the words of their 'ordinary and expected meaning." ' Gibson 155 F.3d at 847 (citing Carbaugh, 141 F.3d at 795). Potts alternatively argues that his statements to "remain calm" and that "no one will get hurt" in the third through fifth robberies constitute just this kind of mitigating circumstance. Potts's argument is irrelevant, however, because his statement in the second robbery was not cushioned with such assurances. This one robbery falls squarely within the ambit of Carbaugh and thus warrants the two-point increase.[1]
 
 
 13
 Because the district court did not clearly err in finding Potts's statements amounted to threats of death, the two-point increase in Potts's offense level is AFFIRMED.
 
 
 
 [1]
 A "threat of death" adds two levels to the base offense level. If Potts made a "threat of death" during any one robbery, each of the other five robberies would count only as one additional unit for calculating the combined offense level--regardless of whether Potts made a death threat during any of the other robberies. See U.S.S.G. §§ 3D1.2, 3D1.4