**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Michael Rene ROSS, Defendant–Appellant.**

**No. 01–2185.**

United States Court of Appeals, Tenth Circuit.

Dec. 28, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT [*]

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael Rene Ross pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). During one of the robberies, Ross warned the teller "I have a gun in this bag, give me all of your money and do it fast." During the remainder of

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the robbery, he repeatedly commanded the teller to "hurry up." At sentencing, the district court added two points to Ross' base offense level pursuant to § 2B3.1(b)(2)(F) of the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."), concluding that Ross had made a threat of death to the teller. Ross appeals the district court's decision to apply § 2B3.1(b)(2)(F), contending that the increase in his base offense level was improper for the following two reasons: (1) the bag allegedly containing the gun was passed over the counter to the teller, rather than remaining in his control, greatly diminishing the credibility of the threat; and (2) the teller was not sufficiently traumatized by the threat and, thus, the harm intended to be punished by § 2B3.1(b)(2)(F) did not occur. Finding Ross' contentions without merit, this court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and **affirms.**

■ This court reviews a district court's factual findings for clear error and reviews its legal interpretation of the Sentencing Guidelines *de novo. See United States v. Arevalo*, 242 F.3d 925, 927 (10th Cir.2001). In support of his assertion that the § 2B3.1(b)(2)(F) adjustment should not apply in this case, Ross relies on the decisions of the Seventh Circuit in *United States v. Carbaugh*, 141 F.3d 791 (7th Cir. 1998) and *United States v. Gibson*, 155 F.3d 844 (7th Cir.1998). In these cases, the Seventh Circuit held that the declaration "I have a gun" constitutes a threat of death for purposes of § 2B3.1(b)(2)(F). *See Carbaugh*, 141 F.3d at 794; *Gibson*, 155 F.3d at 846. Citing *Carbaugh*, this court has adopted the same rule. *See United States v. Arevalo*, 242 F.3d 925, 928 (10th Cir.2001) ("We believe a reasonable

teller would ordinarily experience a fear of being shot when the robber confronting her announces he has a gun."). As pointed out by Ross, however, the Seventh Circuit has been careful to note that this rule of law is not absolute. Instead, "[i]t is conceivable that unusual mitigating circumstances accompanying this statement could deprive the words of their ordinary and expected meaning." *Gibson*, 155 F.3d at 847 (quotation omitted). Although Ross asserts that such circumstances are present in this case, we find his arguments unconvincing.

■ According to Ross, the fact that he passed the bag allegedly containing the gun over the counter to the teller deprives his threat of its "ordinary and expected meaning." *Id.* Ross asserts that "[i]t is utterly improbable that one who actually had a gun would have it in a bag and instruct the teller to put her hand into the bag (inserting money), which would have put her in a position to grab the gun and turn it on him." Appellant's Brief at 5. The mere fact that Ross passed the bag over the counter does not deprive his statement "I have a gun" of its ordinary meaning. In the teller's statement to Federal Bureau of Investigation Special Agent Travis Witt, she indicated that Ross maintained his grip on the bag when he placed it on the counter. Ross immediately stated that he had a gun and ordered the teller to give him all her money and to "do it fast." The teller described the bag as follows: "The bag used by the robber was a black canvas-type bag. When the robber placed the bag on the counter, it seemed heavy. The bag was approximately two feet by one and one-half feet in size. The pocket in which [the teller] placed the money seemed to be a side pocket." After she realized she was being robbed, the

teller started getting money out of her teller drawer and shoving it in the bag. Ross was close enough that he "was helping [the teller] to shove the money into the bag." During the robbery, Ross kept repeating "Hurry up, hurry up."

This court fails to see anything in this sequence that could amount to "unusual mitigating circumstances" depriving Ross' declaration of its usual meaning. Although Ross passed the bag he indicated contained the gun over the counter, he maintained a grip on the bag. In fact, Ross was close enough to the bag and the teller so that he could help the teller shove the money into the bag. The bag had several pockets and the teller was directed to place the money in what seemed to be a side pocket. The bag felt heavy, as if it could contain a gun. In light of these circumstances, we reject Ross' contention that the mere fact that he placed the bag over the counter rendered his threat incredible.

■ Finally, this court rejects Ross' assertion that the district court erred in applying the § 2B3.1(b)(2)(F) adjustment because the teller that was the victim of this particular robbery did not suffer "significant" fear. Both the Sentencing Guidelines and this court's precedents make clear that the appropriate focus is on whether a reasonable person would fear death as a result of the robber's threat. *See* U.S.S.G. § 2B3.1 n. 6 ("The court should consider that the intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a *reasonable person*, who is a victim of the offense, a fear of death." (emphasis added)); *Arevalo*, 242 F.3d at 927, 928 (noting that the "proper focus is on the perspective of a reasonable teller" and holding that "a reasonable teller would ordinarily experience a fear of being shot when the robber confronting her announces he has a gun" (quotation omitted)); *see also United States v. Cadotte*, 57 F.3d 661, 662 (8th Cir.1995) ("The enhancement does not require a subjective finding of the defendant's intent in making the threat, nor does it require an actual finding of the level of fear instilled by the threat."); *United States v. Hogan*, 116 F.3d 442, 445 (10th Cir.1997) ("[T]here is no requirement in § 2B3.1(b)(2)(F) that the threat be realistic or actionable to be [a] ... threat of death."). Accordingly, as quite correctly noted by the district court, the adjustment applies in this case despite the fact that victim teller here was "particularly steely."

For those reasons set out above, the sentence entered by the United States District Court for the District of New Mexico is hereby **AFFIRMED.**

