**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALAN RAY CAMPBELL,

      Defendant-Appellant.

No. 04-5127
(D.C. No. CR 04-CR-46-EA)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

Alan Ray Campbell pled guilty to two charges of bank robbery in violation of 18 U.S.C. § 2113(a). After enhancing his sentence two levels for taking property from a financial institution, U.S.S.G. § 2B3.1(b)(1), two levels for making a threat of death, U.S.S.G. § 2B3.1(b)(2)(F), and two levels for a multiple-count adjustment, U.S.S.G. § 3D1.4, and reducing his sentence three levels for acceptance of responsibility, U.S.S.G. § 3E1.1, the district court

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determined that the offense level was 23 with a Guidelines range of 57-71 months' imprisonment. The court imposed sentence in the middle of the range at 64 months. Campbell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

If counsel conscientiously examines a case and determines that any appeal would be wholly frivolous, Anders authorizes counsel to so advise the court and request permission to withdraw. Counsel must submit a brief to both the appellate court and the client pointing to anything in the record that would potentially present an appealable issue. The client may then choose to offer any argument to the court. If the court, upon completely examining the record, determines that the appeal is in fact frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id. at 744. In the present case, counsel, acting pursuant to Anders, provided Campbell with a copy of his appellate brief and Campbell has not filed a pro se brief raising any argument.

Counsel's Anders brief identifies two potentially appealable issues. First, before the district court, Campbell contended that the facts supporting his enhancement for making a threat of death were not established by the plea. The transcript of the plea colloquy reveals the following exchange:

> Defendant: Okay. On March the 5th, I went to a bank in Sand Springs and give the teller a note and took the money.

2

Court:       What did the note say?
Defendant:   Put unbundled 100s and 50s in an envelope, no dye pack, no
             alarm. I have a gun.

* * *

Court:       All right. And you knew that that would be intimidating to the
             teller, didn't you?
Defendant:   Oh, yes.

The district court concluded that, as a matter of law, the statement "I have a gun" constitutes a threat of death for purposes of a § 2B3.1(b)(2)(F) enhancement and cited several cases in support. See, e.g., United States v. Arevalo, 242 F.3d 925, 928 (10th Cir. 2001) (statement "I have a gun and am willing to use it" constitutes a threat of death); United States v. Carbaugh, 141 F.3d 791, 794 (7th Cir. 1998) ("I have a gun" is a threat of death); United States v. Figueroa, 105 F.3d 874, 880 (3d Cir. 1997) (enhancement "applies to a defendant who announces in the course of a robbery, either by word or action, that he has a gun"); United States v. Winbush, 296 F.3d 442, 443 (6th Cir. 2002) ("a robber's note saying 'I have a gun' constitutes a threat of death under § 2B3.1(b)(2)(F), warranting a two-level enhancement"). We agree that, given the weight of authority, any appeal of this issue would be frivolous.

The second potentially appealable issue would arise under United States v. Booker, 125 S. Ct. 738 (2005). Campbell argued below that failure to charge the "threat of death" enhancement in the indictment amounted to a violation of Blakely v. Washington, 124 S. Ct. 2531 (2004). Because the Court in Booker

3

"did not hold that facts supporting sentencing factors had to be included in the indictment," United States v. Glover, No. 04-5150, ___ F.3d ___ (10th Cir. 2005), we conclude that appeal of this issue would be frivolous.

Counsel does not identify in his Anders brief an appealable issue arising from Booker's remedial holding. Because Campbell declined to file a pro se brief, he does not argue that his sentence is invalid under Booker. Nevertheless, Campbell did raise a Blakely issue below with respect to the indictment. Upon our independent review of the record, we determine that an appeal based on Booker's remedial holding would be frivolous. Because the district court utilized the Guidelines in a mandatory fashion, it committed non-constitutional Booker error. See United States v. Gonzalez-Huerta, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc).

The government contends that any non-constitutional Booker error in this case would be harmless. Given that the court imposed sentence in the middle of the Guideline range after hearing argument from both sides, we agree, and conclude that "the record demonstrates that the district court would impose the same sentence even under an advisory Guidelines system." United States v. Lawrence, 405 F.3d 888, 908 (10th Cir. 2005). Indeed, upon the government's recommendation that Campbell receive a sentence in the middle of the Guidelines range, as opposed to the top, the sentencing judge stated, "well, you take me by

4

surprise." The Assistant United States Attorney responded: "I suppose reasonable minds could differ and that it could go to the top . . . [but] my sense is that that's a reasonable sentence. And I'll persist in it, Judge. I understand what's being said here, but I'll persist in it." The judge then explained her decision to sentence in the middle of the range by stating: "Due to the defendant's history of bank robberies and continued substance abuse issue, the Court will give a sentence in the middle of the guideline range and does so primarily upon the recommendation of the assistant United States attorney." The record clearly demonstrates that even absent mandatory application of the Guidelines, Campbell would not have received a lower sentence. We therefore determine that any appeal on Booker grounds would be frivolous.

Because Mr. Campbell has no meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

5