**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARTIN SHANE YOHO,

    Defendant-Appellant.

No. 04-5123
(Northern District of Oklahoma)
(D.C. No. 04-CR-35-K)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is, therefore, ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. INTRODUCTION

Defendant-appellant Martin Shane Yoho pleaded guilty to bank robbery and interference with interstate commerce, along with aiding and abetting each of these offenses, in violation of 18 U.S.C. §§ 2, 1951, and 2113(a). The district court sentenced Yoho to 100 months' imprisonment and three years' supervised release. Yoho now appeals his sentence, arguing that the district court erred in imposing both a two-point sentencing enhancement based on an alleged death threat and a three-point enhancement for possession of a weapon during a robbery offense. Yoho also asserts that he must be resentenced in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **affirms** Yoho's sentence.

## II. BACKGROUND

On March 1, 2004, Yoho, along with co-defendant Michael Cazzell, robbed QuikTrip, a convenience store located in Tulsa, Oklahoma. Yoho entered the store and "implied [he] had a weapon" by keeping his hand in his pocket. The store employee gave Yoho $174. Later that same day, the two men robbed Gold Bank in Tulsa. While Cazzell waited in a vehicle outside, Yoho entered the bank and handed a note to a teller. The note read, "Give me all of the 100s and 50s. I have a gun." The teller complied and handed Yoho approximately $2300.

Yoho was charged by superseding indictment on April 13, 2004, and subsequently entered a guilty plea. After calculating Yoho's sentence under the United States Sentencing Guidelines ("U.S.S.G."), the presentence report ("PSR") recommended a sentencing range of 92 to 115 months. This was based on a criminal history category of VI and a final adjusted offense level of twenty-three. The base offense level for the robbery count was twenty, which was enhanced by two levels because the property of a financial institution was taken. U.S.S.G. § 2B3.1(b)(1).[1] An additional two-level increase was applied because a threat of death was made during the bank robbery. *Id.* § 2B3.1(2)(F). The two enhancements resulted in an adjusted offense level of twenty-four. The base offense level for interference with interstate commerce was twenty. *Id.* § 2B3.1. This was enhanced three levels because Yoho possessed a weapon during the robbery of the convenience store, yielding an adjusted offense level of twenty-three. *Id.* § 2B3.1(b)(2)(E). Pursuant to § 3D1.4, the multiple-count adjustment provision of the Guidelines, the greatest adjusted offense level (twenty-four) was enhanced two levels, resulting in a combined adjusted offense level of twenty-six. A three-level reduction was applied for acceptance of responsibility, producing a final adjusted offense level of twenty-three. *Id.* § 3E1.1.

---

[1]Because Yoho was sentenced under the 2003 edition of the United States Sentencing Guidelines Manual, all Guidelines citations are to the 2003 edition.

Yoho objected to two of the sentencing enhancements contained in the PSR. He argued that the statement "I have a gun," without more, is not a threat of death sufficient to justify the enhancement. Yoho also contended that the sentencing enhancement for possession of a weapon was not warranted by the facts of his case. Yoho further asserted that neither enhancement was appropriate in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2536 (2004), because the facts were not admitted by Yoho nor found beyond a reasonable doubt by a jury. The district court overruled Yoho's objections and sentenced him to 100 months' imprisonment, the middle of the applicable Guidelines range.

## III.   DISCUSSION

### A.   Application of the Sentencing Guidelines

"When reviewing a district court's application of the Sentencing Guidelines, we review legal questions *de novo* and we review any factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Doe*, 398 F.3d 1254, 1257 (10th Cir. 2005) (quotation omitted).

Yoho challenges the district court's application of a two-level enhancement for an alleged death threat, arguing that simply stating "I have a gun" is not

legally sufficient to support the enhancement. The Guidelines specify that a threat of death

> may be in the form of an oral or written statement, act, gesture, or combination thereof. Accordingly, the defendant does not have to state expressly his intent to kill the victim in order for the enhancement to apply. For example, an oral or written demand using the words such as "Give me the money or I will kill you", "Give me the money or I will pull the pin on the grenade I have in my pocket", "Give me the money or I will shoot you", "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)", or "Give me the money or you are dead" would constitute a threat of death. The court should consider that the intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death.

U.S.S.G. § 2B3.1, cmt. n.6. In analyzing the threat-of-death enhancement under § 2B3.1(b)(2)(F), this court has recognized that "a reasonable teller would ordinarily experience a fear of being shot when the robber confronting her announces he has a gun." *United States v. Arevalo*, 242 F.3d 925, 928 (10th Cir. 2001) (citing *United States v. Carbaugh*, 141 F.3d 791, 794 (7th Cir. 1998) (holding that the statement "I have a gun" is a "threat of death")); *see also United States v. Jennette*, 295 F.3d 290, 292-93 (2d Cir. 2002) (collecting cases). The statement "I have a gun" is therefore sufficient to justify imposition of the threat-of-death enhancement. Accordingly, the district court did not err when it applied the two-level enhancement under U.S.S.G. § 2B3.1(b)(2)(F) to increase Yoho's base offense level.

In his appellate brief, Yoho asserts, in one short sentence, that "the enhancement of 3 points in reference to possessing a weapon under the facts of this case would not be appropriate or supported by the facts." The failure to provide any argument or legal authority to support his claim, is insufficient to invoke appellate review. *See Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003). Even if we were to reach the issue, however, any potential error in applying the enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(E) would be harmless because it had no effect on the calculation of Yoho's sentence. *See Williams v. United States*, 503 U.S. 193, 203 (1992) ("[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error . . . did not affect the district court's selection of the sentence imposed.").

### B.    *United States v. Booker*

During the pendency of Yoho's appeal, the Supreme Court decided *United States v. Booker* in which the Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. Because the district court did not rely on judge-found facts to

mandatorily enhance Yoho's sentence, the district court committed only non-constitutional *Booker* error by applying the Guidelines in a mandatory, as opposed to an advisory, fashion.[2] *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc) (discussing two types of *Booker* errors). Yoho's objection under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), preserved his *Booker* argument and we review for harmlessness. *See* Fed. R. Crim. P. 52(a); *United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005). In non-constitutional *Booker* errors such as this, "the government bears the burden of demonstrating, by a preponderance of the evidence, that the substantial rights of the defendant were not affected." *United States v. Glover*, 413 F.3d 1206, 1210 (10th Cir. 2005).

We have no difficulty concluding that the government has satisfied its burden. Given that the district court utilized its limited pre-*Booker* discretion to sentence Yoho to the middle of the applicable Guidelines range, there is no reason to think that the district court would have imposed a lesser sentence had it had the opportunity to do so. *See United States v. Riccardi*, 405 F.3d 852, 876 (10th Cir. 2005) (applying harmless error analysis to constitutional *Booker* error). Indeed,

---

[2]Yoho admitted all of the underlying facts supporting application of the threat of death enhancement and the weapon enhancement had no effect on his sentence. *See United States v. Yazzie*, 407 F.3d 1139, 1144-45 (10th Cir. 2005) (en banc).

at sentencing, the district court said, "A sentence is imposed at this range because of the defendant's extensive criminal history. It's not a higher sentence because his crimes have consisted primarily of property crimes. It is a sufficient sentence, though, for these crimes. . . . I think a sentence toward the middle is appropriate in this case." After reviewing the record, the statements of the district court, and the court's decision to sentence Yoho in the middle of the applicable Guidelines range, we conclude that the sentencing error was harmless.

## IV.   CONCLUSION

For the reasons set out above, the sentence imposed by the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge