NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2019
Decided March 29, 2019

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1439

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 CR 10-2 |
| DARRYL SARGENT, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Darryl Sargent pleaded guilty to two counts of bank robbery and one count of attempted bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced to 70 months in prison. Based on notes that Sargent and a coconspirator presented to tellers during the robberies, the judge imposed a two-level, threat-of-death enhancement for each of the bank-robbery convictions. *See* U.S.S.G. § 2B3.1(b)(2)(F). Sargent appealed, but his appointed counsel, believing all potential appellate arguments to be frivolous, seeks to withdraw and asks us to dismiss the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Sargent has not responded to counsel's motion. *See* 7TH CIR. R. 51(b). We limit our review to the subjects that counsel has discussed, *see United States v. Bey*, 748 F.3d 774,

776 (7th Cir. 2014), and agree that an appeal would be frivolous. We therefore grant the motion to withdraw and dismiss the appeal.

Counsel assures us that Sargent instructed him that he does not wish to challenge the voluntariness of his guilty plea or the adequacy of the plea colloquy, and therefore appropriately does not discuss either of these issues. *See* FED. R. CRIM. P. 11(b); *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers whether Sargent could challenge the applications of § 2B3.1(b)(2)(F) and concludes that Sargent has waived any such challenge. True, counsel neither presented the argument in his sentencing memorandum nor objected at the sentencing hearing to the judge's guidelines calculation, but at most the argument would be forfeited rather than waived. *See United States v. Pankow*, 884 F.3d 785, 790–91 (7th Cir. 2018). Assuming then that Sargent merely forfeited an objection and that review would be for plain error, *id.* at 790, we nevertheless agree that a challenge to the applications of § 2B3.1(b)(2)(F) would be frivolous. That guideline provision requires a two-level increase in offense level "if a threat of death was made" in furtherance of a robbery. The judge adopted the probation officer's recommendation that Sargent and his coconspirator made death threats in each of the demand notes used in the two robberies.

As Sargent admitted in his plea agreement, in the first robbery, he waited in a getaway car while his coconspirator entered the bank and handed the teller a note stating: "THIS IS A ROBBERY. GIVE ME ALL BIG BILLS FIRST. I HAVE A BOMB IN THE BAG AND A GUN. HURRY AND NOBODY GETS HURT." It would be frivolous to argue that the judge plainly erred in concluding that this statement was a threat of death in furtherance of a robbery. *See* U.S.S.G. § 2B3.1 cmt. n.6. Even if the coconspirator made the threat and not Sargent, the judge could reasonably conclude based on Sargent's admissions in his plea agreement that a threat of death was foreseeable. *See id.* § 1B1.3(a)(B)(iii); *United States v. Smith*, 697 F.3d 625, 636 (7th Cir. 2012).

Sargent also admitted in his plea agreement to the threatening circumstances of the second bank robbery. This time the coconspirator waited in the car while Sargent entered the bank and handed the teller a note stating: "I have a gun. This is a robbery. Give me all the big bills." As counsel properly observes, it would be frivolous to challenge this enhancement based on plain error given the absence of any circumstances that would strip the words "I have a gun" of their "ordinary and expected meaning." *United States v. Carbaugh*, 141 F.3d 791, 794–95 (7th Cir. 1998). Indeed, the judge

observed that she was "troubled" by "the fear [Sargent] instilled in the bank teller." *See* U.S.S.G. § 2B3.1 cmt. n.6 (stating that the enhancement applies when the defendant's conduct "would instill in a reasonable person, who is a victim of the offense, a fear of death").

Next, counsel considers whether Sargent could argue that he should have received an additional reduction in the offense level for acceptance of responsibility (three rather than two) because he pleaded guilty before trial. *See* U.S.S.G. § 3E1.1(b). Because "the plea [was] on the eve of trial," the judge did not apply the additional reduction. That reduction is appropriate only if sought by the government, and here it was not. *See United States v. Deberry*, 576 F.3d 708, 709 (7th Cir. 2009). Any such challenge would therefore be frivolous.

Counsel also correctly concludes that challenging the substantive reasonableness of Sargent's sentence would be frivolous. His 70-month sentence was at the bottom of his guidelines range of 70 to 87 months (based on a total offense level of 25 and criminal-history category of III). A sentence within a properly calculated guidelines range is presumptively reasonable, *United States v. Cunningham*, 883 F.3d 690, 701 (7th Cir. 2018), and we see nothing to rebut that presumption. The court sufficiently considered the relevant sentencing factors under 18 U.S.C. § 3553(a), noting repeatedly that she was "troubled" by his "very serious" offense and by the "escalating" nature of his conduct from being "just a lookout" to becoming a robber.

Last, to the extent counsel suggests that Sargent might challenge his effectiveness in the district court, that claim is best pursued in a collateral proceeding in which the record can be more fully developed. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *Crutchfield v. Dennison*, 910 F.3d 968, 975 (7th Cir. 2018).

We GRANT counsel's motion to withdraw and DISMISS the appeal.