**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUAN M. AREVALO,

    Defendant-Appellant.

No. 00-3126

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 99-20093-01-JWL)

Submitted on the Briefs:

Jackie N. Williams, United States Attorney and Nancy Landis Caplinger, Assistant United States Attorney, Topeka, Kansas, for Plaintiff-Appellee.

Michael L. Harris, Assistant Federal Public Defender, Kansas City, Kansas, for Defendant-Appellant.

Before **EBEL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.[*]

**BALDOCK**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the merits without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

Defendant Juan M. Arevalo pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Defendant appeals the district court's application of a two-point sentence enhancement under U.S.S.G. § 2B3.1(b)(2)(F) (1998), for making a death threat. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and affirm.

I.

On September 9, 1999, Defendant entered Bank Midwest in Kansas City, Kansas. Once inside the bank, Defendant handed a teller an envelope and a note. The note, to the best of the teller's recollection, stated, "I have a gun and am willing to use it. Do not look up at me, do not yell, and do not trigger the alarm. Place money and note in envelope." The teller complied with Defendant's instructions and placed $5,596.78 into the envelope. Defendant took the bus home and left both the note and empty envelope on the bus.

On October 22, 1999, Defendant entered Capitol Federal Savings in Mission, Kansas. Again, Defendant handed a teller a bag and a note. The note, to the best of the teller's recollection, stated, "This is a robbery. I have a gun. Put the money in the bag. Take the money out of the top and bottom drawer. If you do what I say, you will live." The teller filled the bag with $9,096.00 and gave it to Defendant. Defendant subsequently threw the note and empty bag out of the window of his car while driving home from the robbery.

Pursuant to a plea agreement, Defendant pled guilty to two counts of bank robbery.

The district court sentenced Defendant to 57 months imprisonment and three years supervised release. In calculating Defendant's sentence, the district court determined that the notes Defendant handed to the tellers constituted "threats of death" and included a two-point enhancement in the base offense level pursuant to U.S.S.G. § 2B3.1(b)(2)(F). Defendant objected to the enhancement and now appeals.

## II.

Defendant argues the district court erred when it assessed a two-point enhancement under § 2B3.1(b)(2)(F). Specifically, Defendant claims the statements he made in the notes do not rise to the level of "threats of death." We review the district court's factual findings regarding sentencing for clear error and review its legal interpretation of the Sentencing Guidelines de novo. United States v. Maldonado-Acosta, 210 F.3d 1182, 1183 (10th Cir. 2000).

Section 2B3.1(b)(2)(F) provides a two-point enhancement where a defendant makes a "threat of death" during the commission of a robbery. The Sentencing Guidelines originally required that the defendant make an "express threat of death" for § 2B3.1(b)(2)(F) to apply. To qualify as an "express threat," courts generally required that the threat be "directly and distinctly stated or expressed rather than implied or left to inference." United States v. Moore, 6 F.3d 715, 721 (11th Cir. 1993). Effective November 1, 1997, however, the Sentencing Commission deleted the word "express" and now requires only a "threat of death." U.S.S.G. Appendix C, amend. 552 (1997). The

amendment adopted "the majority appellate view which holds that the enhancement applies when the combination of the defendant's actions and words would instill in a reasonable person in the position of the immediate victim (e.g. a bank teller) a greater amount of fear than necessary to commit the robbery." Id. This is the first time we have addressed the applicability of § 2B3.1(b)(2)(F) since the 1997 amendment.

Although the guidelines do not specifically define "threat of death," the commentary to § 2B3.1 provides a series of examples:

> "A threat of death," . . . may be in the form of an oral or written statement, act, gesture, or combination thereof. Accordingly, the defendant does not have to state expressly his intent to kill the victim in order for the enhancement to apply. For example, an oral or written demand using words such as "Give me the money or I will kill you", "Give me the money or I will pull the pin on the grenade I have in my pocket", "Give me the money or I will shoot you", "Give me the money or else (where the defendant draws his hand across his throat in a slashing motion)", or "Give me the money or you are dead" would constitute a threat of death. The Court should consider that the intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death.

U.S.S.G. § 2B3.1, cmt. n.6. In examining what constitutes a "threat of death," we agree with the Seventh Circuit that we should not examine the notes grammatically or from the robber's perspective. United States v. Carbaugh, 141 F.3d 791, 794 (7th Cir. 1998). Instead, "the proper focus is on the perspective of the reasonable teller." Id. In addition, "[w]e must consider the robbery note or threat as a whole and not as unconnected

4

individual statements." United States v. Hogan, 116 F.3d 442, 445 (10th Cir. 1997).

The note which Defendant used in the Bank Midwest robbery stated, "I have a gun and am willing to use it." We believe a reasonable teller would ordinarily experience a fear of being shot when the robber confronting her announces he has a gun. See Carbaugh, 141 F.3d at 794 (holding that the statement "I have a gun" is a "threat of death"). Under the facts of this case, the fear of death is even more likely because Defendant also expressed a willingness to use the gun. Therefore, we hold that the statement "I have a gun and am willing to use it" is a "threat of death" for purposes of § 2B3.1(b)(2)(F). See United States v. Gray, 177 F.3d 86, 92 (1st Cir. 1999) ("Give me all your money or I'll start shooting" constitutes a "threat of death"); United States v. Franks, 183 F.3d 335, 338 (4th Cir. 1999) ("I have a gun. I have nothing to lose" constitutes a threat of death).

The note which Defendant used in the Capitol Federal Savings robbery stated "I have a gun" and included the additional statement, "If you do what I say, you will live." A reasonable interpretation of "If you do what I say, you will live" is that failure to comply with Defendant's instructions will result in death. This statement is simply the inverse of the example listed in the commentary, "Give me the money or I will kill you." U.S.S.G. § 2B3.1, cmt. n.6. The combination of the statements "I have a gun" and "If you do what I say, you will live" are easily understood as a threat to shoot the teller if she did not comply with Defendant's demands. Again, we have no doubt that a reasonable

teller upon reading these statements in a robbery note would fear for her life.  Therefore, we hold that the note containing the statements, "I have a gun" and "If you do what I say, you will live," also justifies the sentence enhancement.

The district court properly concluded that the notes which Defendant used in the robberies constitute "threats of death" sufficient to justify the two-point enhancement of § 2B3.1(b)(2)(F).  Accordingly, the judgment of the district court is

AFFIRMED.