[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 17, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-15774

_____

D. C. Docket No. 01-00093 CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN P. MURPHY,

Defendant-Appellant.

_____

No. 01-15842

_____

D. C. Docket No. 01-00006 CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN PETE MURPHY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

**(September 17, 2002)**


Before EDMONDSON, Chief Judge, WILSON, Circuit Judge, and NELSON[*],
District Judge.

PER CURIAM:

This case deals with the effects of a recent amendment to Section

2B3.1(b)(2)(F) of the Sentencing Guidelines, which provides for a sentence

enhancement if a robbery defendant made a "threat of death." U.S.S.G. §

2B3.1(b)(2)(F) (2000). We conclude that, under the amended guideline, the

written note given to the bank teller that the defendant had a gun constituted a

"threat of death" even though no express threat to use the gun was made.


BACKGROUND


[*] Honorable Edwin L. Nelson, U. S. District Judge for the Northern District of Alabama, sitting by designation.

In December 2000, Appellant/Defendant Norman Murphy robbed a bank in Florida. He was charged with armed bank robbery under 18 U.S.C. § 2113(a), (d). In November 2000, Defendant robbed a bank in Georgia. He was charged with unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). The charges against Defendant arising from the two robberies were heard together in the Northern District of Florida. Defendant pleaded guilty to both charges.

At issue in this case is a sentencing enhancement applied by the district court for the Georgia robbery. The material facts are not in dispute. During the Georgia robbery, Defendant gave the teller a note that read: "You have ten seconds to hand me all the money in your top drawer. I have a gun. Give me the note back now." Defendant did not really have a gun; and he never expressly threatened to shoot the teller. At sentencing, the district court applied a two-level sentence enhancement. The district court determined that the note constituted a "threat of death" under Section 2B3.1(b)(2)(F) of the sentencing guidelines. Defendant appeals the application of the enhancement.

## DISCUSSION

We review a district court's application and interpretation of the sentencing guidelines de novo.  See United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002).

The language of, and Application Notes to, Section 2B3.1 make clear that a statement like the one at issue here can constitute a threat of death.  The guideline itself requires only a "threat of death;" the threat need not be stated expressly. Application Note 6 states that "the defendant does not have to state expressly his intent to kill the victim in order for the enhancement to apply."  U.S.S.G. § 2B3.1, cmt. n.6 (2000). The Application Note also provides a standard for when the enhancement should apply: where "the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death."  Id.

We accept that, in the course of a robbery, a statement like the one made by Defendant would put a reasonable person in fear of death.  A reasonable bank teller given the note Defendant wrote would reasonably have this reaction: "If I do not give this robber money within ten seconds, I will be shot; and people who are shot often die."  See United States v. Jennette, 295 F.3d 290, 292 (2nd Cir. 2002)

(concluding that defendant's demand for money and statement that he had a gun were equivalent to the statement "Give me the money or I will shoot you").[1]

We recognize that past Eleventh Circuit precedent has determined that a statement such as the one made in this case is insufficient to allow an enhancement under Section 2B3.1(b)(2)(F). See United States v. Moore, 6 F.3d 715, 722 (11th Cir. 1993); United States v. Canzater, 994 F.2d 773, 775 (11th Cir. 1993). But these cases were decided under a version of the Sentencing Guidelines that since has been amended. When these cases were decided, the Section 2B3.1(b)(2)(F) enhancement could only be applied "if an *express* threat of death was made." See U.S.S.G. § 2B3.1(b)(2)(F) (1995) (emphasis added). And, the Application Notes stated that the enhancement could only be applied if "the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery." See U.S.S.G. § 2B3.1(b)(2)(F), cmt. n.6 (1995).

---

[1] But see United States v. Clark, 294 F.3d 791, 797 (6th Cir. 2002) (Moore, J., dissenting) (concluding that note stating "I have a gun. Do what you are told and you won[']t get hurt" "may suggest an intent to harm, but it in no way indicates an intent to kill or to cause the victim's death"). We do not understand the robber's intent to be determinative. It is the impact of his message on reasonable hearers that is important. A threatened shooting might have a different effect on the shooter than on the potential target: The shooter might intend at most to harm, but the target might reasonably fear that the shot would be fatal. Guns are widely known to be capable of producing death.

5

Effective 1 November 1997, however, the pertinent section was amended to its current form. U.S.S.G. App. C, amend. 552 (1997). Under the current guidelines, the application of the enhancement under the facts of this case was appropriate.[2]

Defendant's argument that the reasoning -- in his words, the "commentary" -- of Moore binds us is not convincing. We are bound only by the holding of Moore, not the reasoning behind the holding. See Crawford-El v. Britton, 118 S.Ct. 1584, 1590 (1998) ("There is, of course, an important difference between the holding in a case and the reasoning that supports that holding."). At most, this proposition was the holding of Moore: under the Sentencing Guidelines in effect in 1993, the statement "I have a gun and nothing to lose" did not constitute an *express* threat of death and, therefore, the Section 2B3.1(b)(2)(F) enhancement could not apply. See Moore, 6 F.3d at 721-22. Because the pertinent law has been materially changed, Moore decided a different question than the one before us and is not controlling here.

We are aware of no other circuit that has considered the amended version of Section 2B3.1(b)(2)(F) and come to a different conclusion. See United States v.

---

[2]Defendant's crimes were committed in 2000, well after the relevant amendment became effective. Therefore, the application of the guidelines in this case does not raise the kind of *ex post facto* concerns addressed in United States v. Summers, 176 F.3d 1328 (11th Cir. 1999).

Jennette, 295 F.3d 290, 292-93 (2d Cir. 2002); United States v. Day, 272 F.3d 216, 218 (3d Cir. 2001); United States v. Roberts, 253 F.3d 1131, 1137 (8th Cir. 2001); United States v. Arevalo, 242 F.3d 925, 928 (10th Cir. 2001); United States v. Franks, 183 F.3d 335, 338 (4th Cir. 1999); United States v. Gibson, 155 F.3d 844, 845-46 (7th Cir. 1998).  Even circuits that shared our interpretation of the pre-amendment guideline have interpreted the post-amendment guideline in the same way we have applied it in this case.  See United States v. Winbush, 296 F.3d 442, 442-43 (6th Cir. 2002).

Because we conclude that the written statements made by Defendant in the course of his robbery do constitute a "threat of death" under the amended version of Section 2B3.1(b)(2)(F), we AFFIRM the judgment of the district court.


AFFIRMED.