[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10752
Non-Argument Calendar

_____

D. C. Docket No. 04-00002-CR-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN EARNEST,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(September 26, 2005)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Benjamin Earnest appeals his 137-month sentence, imposed after he pled guilty to thirteen counts of bank robbery and attempted bank robbery, in violation

of 18 U.S.C. § 2113(a). According to the Presentence Investigation Report ("PSI"), in the course of robbing a bank, Earnest handed a bank teller a note, which read: "I have gun, do not alert anyone, give me all the money from the drawer now." At sentencing, the district court enhanced Earnest's sentence, pursuant to U.S.S.G. § 2B3.1(b)(2)(F), which provides for a 2-level offense level enhancement "if a threat of death was made" during the robbery. See U.S.S.G. § 2B3.1(b)(2)(F).

On appeal, Earnest argues that the written statement that he had a gun was not an affirmative statement of intended deadly action, such that it would cause a bank teller to have a fear of death. He urges us to reconsider and overrule our decision in United States v. Murphy, 306 F.3d 1087 (11th Cir. 2002), in which we held that a written note, given to a bank teller during a bank robbery and stating that the defendant had a gun, constituted a "threat of death," even though the defendant made no express threat to use the gun, thereby supporting an enhancement under § 2B3.1(b)(2)(F). See 306 F.3d at 1088-89. In a footnote in Murphy, we specifically rejected the position, stated in the dissenting opinion in United States v. Clark, 294 F.3d 791, 797 (6th Cir. 2002), which Earnest asserts we should adopt here, that a robber's intent is not determinative because "guns are widely known to be capable of producing death." 306 F.3d at 1089 n.1.

Under our prior panel precedent rule, Murphy is the controlling law on the

2

instant issue and we must follow it here.  See <u>United States v. Hogan</u>, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc or by the Supreme Court.").  Accordingly, we affirm Earnest's sentence.

**AFFIRMED.**