[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 25, 2006
THOMAS K. KAHN
CLERK

No. 05-13437
Non-Argument Calendar

_____

D. C. Docket No. 04-00588-CR-1-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WITHROW WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 25, 2006)**

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Withrow Wilson appeals his sentence for possessing a firearm and

ammunition, after previously having been convicted of state and federal offenses

punishable by imprisonment for a term exceeding one year, in violation of 18

U.S.C. §§ 922(g) and 924(a)(2). Wilson asserts the district court erred in concluding his 1985 Georgia state conviction for trafficking in cocaine was a "controlled substance offense." The district court did not err, and we affirm.

"We review a district court's application and interpretation of the sentencing guidelines de novo." *United States v. Murphy*, 306 F.3d 1087, 1089 (11th Cir. 2002). Section 2K2.1(a)(2) provides for a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). The phrase "controlled substance offense" has the meaning given that term in § 4B1.2(b) and application note 1 of the commentary to § 4B1.2(b). U.S.S.G. § 2K2.1(a)(2), comment (n.1). Section 4B1.2(b) provides:

> The term "controlled substance offense" means an offense under federal or state law, punishable by a term of imprisonment of more than one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). Georgia Code § 16-13-31(a)(1) provides: "Any person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine . . . commits the felony

2

offense of trafficking in cocaine . . . ."  O.C.G.A. § 16-13-31(a)(1).

In *United States v. Madera-Madera*, 333 F.3d 1228, 1229-30 (11th Cir. 2003), we considered whether the defendant's prior drug conviction, under O.C.G.A. § 16-13-31(e), for possession of 87 grams of methamphetamine, constituted a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i).[1] There, we examined Georgia's three-tiered statutory scheme for punishing drug crimes and determined that, under O.C.G.A. § 16-13-31, Georgia considers possession of 28 grams or more of methamphetamine "trafficking," and "drug trafficking . . . is a more serious offense than either simple possession or possession with intent to distribute." *Id.* at 1231-32.  We found, "[i]n making possession of 28 grams of methamphetamine a 'trafficking' offense, Georgia's trafficking statute necessarily infers an intent to distribute once a defendant possesses a certain amount of drugs." *Id.* at 1232.  We also rejected the defendant's argument that § 2L1.2's definition of "drug trafficking offense" requires the statutory element of intent to distribute be actually present in the language of the statute of conviction, finding the Sentencing Commission decided

---

[1] The phrase "drug trafficking offense" means "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, comment (n. 1(B)(iv)).

3

not to define a "drug trafficking offense" by its elements. *Id.* at 1232-34.

Although we considered whether the defendant's prior conviction was a "drug trafficking offense" rather than a "controlled substance offense" in *Madera-Madera*, the Guidelines definition of "drug trafficking offense" is virtually identical to its definition of "controlled substance offense." *See* U.S.S.G. §§ 2L1.2, comment (n. 1(B)(iv)); 4B1.2(b). Because we are bound by our prior holding in *Madera-Madera* that a federal court may infer that a conviction under O.C.G.A. § 16-13-31 includes an intent to distribute, the district court did not err in finding that Wilson's 1985 state conviction for trafficking in cocaine was a controlled substance offense.

AFFIRMED.