[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16910
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20680-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 29, 2009)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Miguel Angel Perez appeals from his convictions and sentences imposed for

bank robbery, 18 U.S.C. § 2113(a), ("Count 1"); attempted armed bank robbery, 18

U.S.C. § 2113(a) and (d), ("Count 2"); and using, carrying, or possessing a firearm

in relation to or in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(a), ("Count 3"). On appeal, Perez argues that: (1) the evidence was insufficient to support his convictions for Counts 2 and 3; (2) the district court erred by enhancing his offense levels for Counts 1 and 2 for obstruction of justice under U.S.S.G. § 3C1.1; and (3) the district court erred by increasing his offense level for Count 1 for making a death threat under U.S.S.G. § 2B3.1(b)(2)(F). After careful review, we vacate and remand in part, and affirm in part.

"We review the sufficiency of the evidence presented at trial de novo." United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006). "The evidence is viewed in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." Id. We review a district court's determination that a defendant obstructed justice for clear error when credibility is at issue. United States v. Banks, 347 F.3d 1266, 1269 (11th Cir. 2003). Where the defendant's credibility is not disputed, we review de novo the district court's application of the obstruction-of-justice enhancement. Id. "We review a district court's application and interpretation of the sentencing guidelines de novo." United States Murphy, 306 F.3d 1087, 1089 (11th Cir. 2002).

Where a defendant failed to clearly articulate an objection to his sentence in the district court, however, he has waived the objection for purposes of appeal.

United States v. Jones, 899 F.2d 1097, 1103 (11th Cir. 1990), overruled on other grounds, United States v. Morrill, 984 F.2d 1136, 1137 (11th Cir. 1993) (en banc). Where a defendant has waived his objection, we will review for plain error. United States v. Hansley, 54 F.3d 709, 715 (11th Cir. 1995). Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affected the defendant's substantial rights; and (4) "seriously affected the fairness, integrity or public reputation of the judicial proceedings." United States v. Williams, 527 F.3d 1235, 1240 (11th Cir. 2008) (quotation and alteration omitted). In order for an error to be obvious for purposes of plain error review, "it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule." United States v. Lett, 483 F.3d 782, 790 (11th Cir. 2007).

First, we reject Perez's claim that the evidence was insufficient to sustain his convictions. Pursuant to 18 U.S.C. § 2113(a) and (d), a defendant is subject to a 25-year sentence if he attempts to commit bank robbery and, "in attempting to commit" the robbery, assaults any person or places any person's life in jeopardy by the use of a dangerous weapon. In order to support a conviction for an attempt to commit a crime, the government must prove that the defendant had the specific intent to commit the crime and "took actions that constituted a substantial step toward the commission of [the] crime." United States v. Yost, 479 F.3d 815, 819

3

(11th Cir. 2007) (quotation and alteration omitted) (discussing conviction under 18 U.S.C. § 2422(b)).

Under 18 U.S.C. § 924(c)(1)(A), "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). "The government need only show either that [a defendant] used or carried the firearm during and in relation to the . . . crime, not both." United States v. Timmons, 283 F.3d 1246, 1250 (11th Cir. 2002). The word "carry," as used in § 924(c), means "convey," whether on the defendant's person or in a vehicle. Id. (citing Muscarello v. United States, 524 U.S. 125, 128 (1998)). The phrase "during and in relation to" means that the firearm "must have some purpose or effect with respect to the . . . crime; its presence or involvement cannot be the result of accident or coincidence." Id. at 1251 (quotation omitted). "The gun at least must facilitate, or have the potential of facilitating, the . . . offense." Id. (internal quotation and bracket omitted).

When weighing sufficiency of the evidence, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier

4

of fact could find that the evidence establishes guilt beyond a reasonable doubt."

United States v. Young, 906 F.2d 615, 618 (11th Cir. 1990).

Here, the evidence is sufficient to support Perez's conviction for Count 2, which charged him with an attempt to commit bank robbery by assaulting a person or placing her life in jeopardy on July 8. As the record shows, a police officer testified at trial that after the attempted robbery, the police found at Publix a loaded gun and two notes generally stating, "I have a gun and will use it if something goes wrong." During trial, Perez admitted that: (1) the gun found at Publix belonged to him; (2) when he entered the bank on July 8, he paused to write a note and attempted to show the note to the bank teller; and (3) he hid at least one threatening note at Publix after the attempted robbery. He further admitted that, when he approached the bank teller's station on July 8, he stood there with the note he had written in one of his hands and with his bag next to him on the counter. Based on this evidence, a juror could reasonably conclude that Perez carried a loaded gun with him when he entered the bank on July 8, and that he was prepared to hand the teller a note threatening to use a gun if she did not give him money. Id. Because a juror could reasonably have found that Perez entered the bank with a loaded gun and threatening note, a juror also reasonably could have found that Perez specifically intended to assault someone or place their lives in danger by use of a

5

weapon, and that he took a substantial step towards committing this offense. Yost, 479 F.3d at 819. This is especially true since we have held that a defendant's use of a gun during a bank robbery places other individuals' lives in danger. United States v. Tutt, 704 F.2d 1567, 1568 (11th Cir. 1983). Thus, the evidence was sufficient to support Perez's conviction for Count 2. Young, 906 F.2d at 618.

The evidence was also sufficient to support his conviction for Count 3, which charged him with carrying, possessing, or using a firearm in relation to or in furtherance of the attempted bank robbery on July 8. While Perez testified that he retrieved his gun from his truck after he left the bank, the jury was entitled to conclude that this testimony was false. See United States v. Brown, 53 F.3d 312, 314-15 (11th Cir. 1995) (holding that where a defendant chooses to testify in his own defense, the jury is entitled to conclude that the opposite of the defendant's testimony is true). In addition, a bank employee testified that she followed Perez from the bank and into Publix, and she did not see or hear him enter a vehicle. This evidence, in conjunction with Perez's concession that the gun found at Publix belonged to him, was sufficient to permit a reasonable juror to conclude that he possessed or carried a gun when he attempted to rob the bank on July 8. Young, 906 F.2d at 618. Moreover, Perez attempted to hand the teller a note stating that he would use the gun if he did not receive money. A reasonable juror therefore could

6

have concluded that Perez's gun related to or furthered his offense because its presence ensured that the teller would give him money.  Id.  Accordingly, the evidence was sufficient to sustain Perez's conviction for Count 3.  Id.[1]

Next, while we are unpersuaded by Perez's claim that the district court clearly erred by imposing an obstruction-of-justice enhancement under U.S.S.G. § 3C1.1 for Count 2, we agree with Perez that the district court's obstruction-of-justice enhancement constituted plain error as to Count 1.[2]  Under U.S.S.G. § 3C1.1, a district court may impose a two-level enhancement if it finds that the defendant obstructed justice by, among other things, committing perjury.  U.S.S.G. § 3C1.1, comment. (n.4(b)).  We have explained that:

> The district court must make an independent factual finding that the defendant gave perjured testimony on a material matter in order to apply the enhancement. It is preferable that the district court make specific findings as to each instance of obstruction by identifying the materially false statements individually.  It is sufficient, however, that

---

[1] Perez's claim that the government was required to prove that he used, possessed, and carried a firearm in relation to and in furtherance of a crime of violence lacks merit because under our precedent, the government was required to prove only that he used, carried, or possessed a gun in relation to or in furtherance of the crime.  See United States v. Cornillie, 92 F.3d 1108, 1110 (11th Cir. 1996) ("Where the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any one of the means.").

[2] Because Perez failed to clearly articulate his objection to receiving an obstruction-of-justice enhancement for Count 1 before the district court, we review this issue for plain error. Jones, 899 F.2d at 1102-03; Hansley, 54 F.3d at 715.  However, Perez properly preserved his objection to receiving the enhancement for Count 2, which turns on his credibility, so we review this issue for clear error.  Banks, 347 F.3d at 1269.

the district court makes a general finding of obstruction of justice that encompasses all of the factual predicates of perjury.

United States v. Vallejo, 297 F.3d 1154, 1168 (11th Cir. 2002) (quotation and citations omitted). Thus, we have affirmed a district court's decision to impose the enhancement where the court adopted the PSI's finding that the defendant's statement contradicted the testimony of other witnesses, and the record supported this conclusion. United States v. Ellisor, 522 F.3d 1255, 1276-77 (11th Cir. 2008).

For purposes of § 3C1.1, a matter is "material" where, "if believed, [it] would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6); Ellisor, 522 F.3d at 1276 n.33. The commentary to § 3C1.1 explains that the "provision is not intended to punish a defendant for the exercise of a constitutional right." U.S.S.G. § 3C1.1 comment. (n.2). Where a defendant denies his guilt under oath in a manner that constitutes perjury, however, the enhancement is appropriate. Id. A defendant commits perjury where he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993).

Here, the district court plainly erred in imposing an obstruction-of-justice enhancement for Count 1 because it failed to make findings in support of its decision to impose the enhancement. Vallejo, 297 F.3d at 1168. Although the

8

court specifically found that Perez committed perjury when he testified that he retrieved his gun from his truck immediately before he entered Publix on July 8, this finding was not relevant to the June 4 robbery charged in Count 1. Instead of making a specific finding for Count 1, the court generally stated that it found that Perez should receive an enhancement for obstruction of justice as to this count. However, this finding was not supported by the record because, at both the plea colloquy and trial, Perez never made any statement indicating whether he carried a gun on June 4, and was never even asked whether he carried a gun on June 4. Dunnigan, 507 U.S. at 94. Nor was the district court's general finding that Perez obstructed justice in connection with Count 1 supported by factual findings set forth in the PSI. See Ellisor, 522 F.3d at 1276-77. In sum, the district court erred by failing to make "an independent factual finding that the defendant gave perjured testimony on a material matter," or "a general finding of obstruction of justice that encompasses all of the factual predicates of perjury." Vallejo, 297 F.3d 1168. And because our controlling precedent requires a district court to make these findings in support of an obstruction-of-justice enhancement, this error was plain. Id.; Lett, 483 F.3d at 790.

Further, the error affected Perez's substantial rights. If the district court had not imposed an obstruction-of-justice enhancement as to Count 1, Perez's total

9

combined offense level would have been 26 instead of 28.  A total offense level of 26, combined with Perez's criminal history category of I, would have resulted in a guideline range of 63 to 78 months' imprisonment, whereas Perez's offense level of 28 yielded a guideline range of 78 to 97 months' imprisonment.  See U.S.S.G., Ch. 5, Pt. A.  Because the district court found that a sentence within Perez's guideline range was appropriate, the maximum sentence Perez would have received for Groups 1 and 2, absent the district court's error, was 78 months' imprisonment.  See id.  After adding the 60-month consecutive sentence for Count 3, Perez would have received a maximum total imprisonment term of 138 months' imprisonment -- 18 fewer months than the 156-month sentence he received.  Finally, this error seriously affected the fairness, integrity, and reputation of judicial proceedings, especially in light of the court's stated intention to sentence Perez within his guideline range.  See United States v. Bennett, 472 F.3d 825, 834 (11th Cir. 2006) (holding that a district court's miscalculation of a defendant's total offense level may, depending on the district court's stated intention, affect the fairness of judicial proceedings for purposes of plain error review).  Accordingly, we vacate and remand as to the obstruction-of-justice enhancement for Count 1 so that the district court may make further findings.[3]

---

[3] Contrary to the government's argument, it is unclear from the district court's statement -- that Perez's refusal to admit that he carried a gun was inconsistent with telling the truth -- if

Our review of the record also indicates, however, that the court did not clearly err by imposing an obstruction-of-justice enhancement for Count 2. As the record shows, the court supported the enhancement with its specific finding that Perez committed perjury when he testified that he did not carry a gun when he entered the bank on July 8. The court explained that, while Perez testified that he retrieved the gun from his truck after he left the bank, this testimony was contradicted by testimony offered by other witnesses. This finding was supported by the record because the bank employee testified that she followed Perez from the bank to Publix and did not see or hear him enter a vehicle. The district court therefore did not clearly err in finding that Perez committed perjury in connection with Count 2 and, as a result, did not err by imposing an enhancement for obstruction of justice as to Count 2. U.S.S.G. § 3C1.1, comment. (n.4(b)).

Lastly, we reject Perez's claim that the district court erred by increasing Perez's offense level for making a death threat during the course of the bank robbery. Under the guidelines, a district court should increase a defendant's

---

the court made this finding as to only Count 2 or both Count 1 and Count 2. As the record shows, there was no evidence that Perez indicated, or was asked, whether he carried a gun during the first robbery, which was charged in Count 1, and there was no evidence that Perez had carried a gun during the first robbery -- indeed, earlier in the hearing, the district court described Perez's crimes as "rob[bing] the same the bank twice, . . . the second time with a firearm." (Emphasis added). Thus, it is not clear when, or whether, Perez made a false statement that contradicted any factual finding by the court that he carried a gun during the first robbery. Dunnigan, 507 U.S. at 94.

offense level by two levels "if a threat of death was made" during the offense. U.S.S.G. § 2B3.1(b)(2)(F). The increase may apply even where the defendant does not expressly state his intent to kill the victim. Id., comment. (n.6). The standard for determining whether a death threat increase should apply is whether a reasonable person who was the victim of the offense would fear death. Murphy, 306 F.3d at 1089.

Here, Perez engaged in conduct that would have caused a reasonable person to fear death within the meaning of § 2B3.1(b)(2)(F). Like the defendant in Murphy, Perez did not expressly threaten to kill an individual, but handed a bank teller a note demanding money and stating that he had a gun. 306 F.3d at 1089. While Perez argues that he should not have received an increase for making a death threat because the bank teller did not completely read his note or testify that she feared death, these facts are irrelevant because Murphy held that the relevant question is whether the defendant's acts would have caused a reasonable person to fear death. Id. We thus affirm the district court's finding that Perez was subject to a two-level increase under § 2B3.1(b)(2)(F).

**VACATED AND REMANDED IN PART; AFFIRMED IN PART.**