[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12248
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00001-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDRICK WORRILLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 19, 2016)

Before MARTIN, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Fredrick Worrills appeals his 78-month prison sentence, which was imposed after he pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).  Worrills argues that the district court erred by applying a two-level enhancement for making a "threat of death" during the robbery.  United States Sentencing Guidelines § 2B3.1(b)(2)(F).  First, Worrills asserts that his statement that he had a gun would not instill a fear of death in a reasonable person on these facts.  Second, Worrills contends that this enhancement amounted to impermissible double counting because a "threat of death," as we have construed that term, is inherent in every bank robbery.  After careful consideration, we affirm Worrills's sentence.

## I.

Worrills robbed a bank after he discovered that his account there was overdrawn.  Around midday on December 17, 2014, Worrills visited a Bank of America branch and tried to make a withdrawal.  The teller informed Worrills that his account had a negative balance and that he would need to deposit $381 to have it reactivated.  Worrills declined to do so and left.

Two hours later, Worrills returned to the bank.  He approached the same teller with a deposit slip in one hand and his other hand out of sight, possibly in the pocket of his hoodie.  Worrills said to the teller, "I've got a gun, just give me the money."  The teller later reported that she could tell from Worrills's demeanor that

2

he wasn't joking.  Worrills then handed over the deposit slip, on which he had written, "Give me all your money, I've got a gun."  In these circumstances, the teller was "placed [] in fear" and surrendered $3,764 to Worrills.  Worrills left the bank.  On December 26, 2014, he turned himself in.  During questioning, he denied that he had a gun during the robbery.

II.

We review a district court's application and interpretation of the Guidelines de novo.  United States v. Murphy, 306 F.3d 1087, 1089 (11th Cir. 2002) (per curiam).  We also review de novo whether an enhancement constitutes double counting.  United States v. Kapordelis, 569 F.3d 1291, 1315 (11th Cir. 2009).

A two-level sentencing enhancement applies when a "threat of death" was made during a robbery.  USSG § 2B3.1(b)(2)(F).  The defendant need not expressly threaten to kill the victim; engaging in any conduct "that would instill in a reasonable person . . . a fear of death" is sufficient.  Id. § 2B3.1, cmt. n.6.  This Court has held that statements to the effect of "I have a gun" support a threat-of-death enhancement.  See Murphy, 306 F.3d at 1089.  This is because "[a] reasonable bank teller given [such a note] would reasonably have this reaction: 'If I do not give this robber money . . . , I will be shot; and people who are shot often die.'"  Id.

3

Double counting occurs "when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Dudley, 463 F.3d 1221, 1226–27 (11th Cir. 2006) (quotation omitted). However, double counting is permitted if the Sentencing Commission intended the result and each section is conceptually separate. Id. at 1227. "Absent a specific direction to the contrary, we presume that the Sentencing Commission intended to apply separate sections cumulatively." Kapordelis, 569 F.3d at 1315.

## III.

The district court did not err by applying the threat-of-death enhancement. The test is whether Worrills's conduct would instill a fear of death in a reasonable person in the teller's circumstances. See Murphy, 306 F.3d at 1089. Verbally and in a demand note, Worrills ordered the teller to give him money and stated that he had a gun. The teller could not see one of Worrills's hands because he kept it below the counter. She reported that this conduct "placed her in fear . . . , which caused her to then provide the money." Under this Court's precedent, such conduct was sufficient to support a threat-of-death enhancement. See id.

Worrills argues that mitigating circumstances made it unreasonable for the teller to fear death—namely, she recognized him as a customer from his earlier visit. Worrills bases this "mitigating circumstances" theory on two out-of-circuit

4

cases.  In these cases, the Sixth and Seventh Circuits recognized a "rare," "unusual" exception to the general rule that statements to the effect of "I have a gun" support a threat-of-death enhancement.  United States v. Wooten, 689 F.3d 570, 576 n.3 (6th Cir. 2012); United States v. Gibson, 155 F.3d 844, 847 (7th Cir. 1998).  When "unique factual circumstances . . . prevent[] the case from fitting the standard [threat-of-death] mold," this exception may apply.  Wooten, 689 F.3d at 576 n.3.

In Wooten, the exception applied because: (1) the defendant was calm, placed both hands on the bank counter, and seemed to be joking; (2) the robbery did not include "hallmarks of experienced bank robbers" like a demand note or a mask; and (3) the teller reported that he never felt threatened or afraid.  Id. at 572– 73, 578–79.  Even if we were to adopt this exception, it would not apply here because no mitigating circumstances are present: Worrills kept one hand out of sight, had a serious demeanor, used a demand note, and frightened the teller.  The fact that Worrills was a customer with an overdrawn, inactivated account does not mitigate his threat.  If anything, it amplifies his threat because it shows he was desperate for money.

Nor did the district court err by rejecting Worrills's claim of double counting.  Bank robbery is defined as taking from a bank, credit union, or savings and loan association "by force and violence, or by intimidation."  18 U.S.C.

5

§ 2113(a). Making a "threat of death" is not included as an element of the offense. See id. Bank robbery triggers a base offense level of 20, to which the threat-of-death enhancement is separately added. USSG § 2B3.1(a), (b)(2)(F). Worrills argues that his method of intimidating the teller (saying he had a gun) was "the least dangerous or consequential way" to get the money—nothing less serious would have worked. Thus, Worrills claims, his intimidating conduct was an inherent part of bank robbery, and using it to enhance his sentence is impermissible double counting.

We reject Worrills's contention that making a threat of death, as we have construed that term, is inherent in every bank robbery. Worrills minimizes the effect of his words when he argues that threatening the teller with a gun was "the only way that [] Worrills could reasonably expect the teller to comply with his demand." There are surely less dangerous or consequential ways to get the money from tellers, who are typically trained not to offer resistance. Because threatening victims with death goes beyond mere intimidation, "[t]he harm at which the [threat-of-death] enhancement is aimed is conceptually distinct from the harm that [Worrills's robbery] caused." Dudley, 463 F.3d at 1227. This conclusion is bolstered by the presumption that the Sentencing Commission intends to apply separate sections cumulatively. See Kapordelis, 569 F.3d at 1315.

For these reasons, we affirm Worrills's sentence.

**AFFIRMED.**