[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14334
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20233-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOBY BRYAN EASTERLING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 10, 2019)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Jacoby Easterling pled guilty to attempted bank robbery in violation of 18

U.S.C. § 2113(a).  He appeals his 84-month sentence, arguing that the district court

erred in applying a two-level enhancement under U.S.S.G. § 2B3.1(b)(2)(F) for making "a threat of death" during the attempted robbery. After a thorough review of the record and the relevant authorities, we affirm Mr. Easterling's sentence.

The facts relevant to this appeal are not in dispute. On March 1, 2018, Mr. Easterling entered a Chase bank in Miami, Florida, and punched a customer with a closed fist. He picked up the customer's ATM card and tried to use the card inside the bank. Mr. Easterling then approached the counter and demanded that the bank teller give him $8,000. Specifically, he yelled:

> I am going to blow this shit up! You have to give me all
> the money. Give me $8,000! I don't have a gun but I am
> going to kill you all. I am going to blow everything up!

D.E. 25 at 1. The teller refused to give Mr. Easterling any money and activated the silent alarm. In response, Mr. Easterling pounded his fists on the counter and the protective glass that separated him from the teller. Mr. Easterling left the bank and was arrested by police in a nearby shopping mall. He later pled guilty to attempted bank robbery.

At sentencing, the district court applied a two-level enhancement because Mr. Easterling made "a threat of death" during the attempted robbery. *See* § 2B3.1(b)(2)(F). On appeal, Mr. Easterling argues that the district court should not have applied this enhancement because no reasonable person would have believed that he could carry out his threat to blow up the bank and kill everyone inside.

2

"We review a district court's application and interpretation of the sentencing guidelines de novo." *United States v. Murphy*, 306 F.3d 1087, 1089 (11th Cir. 2002) (per curiam). *See also United States v. Martikainen*, 640 F.3d 1191, 1193 (11th Cir. 2011) (reviewing the application of a sentencing enhancement de novo "based on the undisputed facts in the PSI").

The Sentencing Guidelines apply a two-level enhancement "if a threat of death was made" during a robbery. *See* § 2B3.1(b)(2)(F). This enhancement applies when the defendant's "statement, act, gesture, or combination thereof . . . would instill in a reasonable person, who is a victim of the offense, a fear of death." § 2B3.1, cmt. n.6. This is an objective standard. *See Murphy*, 306 F.3d at 1089. The defendant does not have to state expressly his intent to kill the victim—or actually intend to carry out the threat—for the enhancement to apply. *See Murphy*, 306 F.3d at 1089 n.1. "It is impact of [the threat] on reasonable hearers," not the robber's intent, that determines whether the enhancement applies. *Id*.

The commentary to § 2B3.1 includes the following examples of threats that "would constitute a threat of death":

> "Give me the money or I will kill you", "Give me the money or I will pull the pin on the grenade I have in my pocket", "Give me the money or I will shoot you", "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)", or "Give me the money or you are dead."

§ 2B3.1, cmt. n.6.

3

In *Murphy*, 306 F.3d at 1089–90, we held that a demand note reading, "You have ten seconds to hand me all the money in your top drawer. I have a gun[,]" justified a threat-of-death enhancement because a reasonable teller would interpret the statement to mean: "If I do not give this robber money within ten seconds, I will be shot; and people who are shot often die." In *United States v. Petho*, 409 F.3d 1277, 1279–80 (11th Cir. 2005) (per curiam), we held that a demand note reading, "I have an explosive device. Please give me all your 100[s], 50[s] and 20[s,]" warranted the same enhancement based on our opinion in *Murphy*, 306 F.3d at 1089.

According to Mr. Easterling, the enhancement was inappropriate, in spite of his threating statements, because other circumstances would prevent a reasonable person from fearing death. We disagree. The district court did not err by focusing on the language of Mr. Easterling's statements to conclude that he made a "threat of death" under § 2B3.1(b)(2)(F). The second example in the commentary to § 2B3.1—"Give me the money or I will pull the pin on the grenade I have in my pocket"—is practically identical to Mr. Easterling's threat—"You have to give me all the money . . . I am going to blow everything up." D.E. 25 at 1. *Cf. United States v. France*, 57 F.3d 865, 867 (9th Cir. 1995) (comparing a demand note reading, "Give me all the 100s and 50s in your drawer. I have dynamite[,]" with the

commentary's example: "Give me the money or I will pull the pin on the grenade I have in my pocket.").[1]

We reject Mr. Easterling's argument that his appearance—wearing flip flops, athletic shorts, and having no shirt—prevented any reasonable person from fearing death based on his threats. We do not require the defendant to have been able to carry out his threat to apply the threat-of-death enhancement. *See Murphy*, 306 F.3d at 1089; *Petho*, 409 F.3d at 1279. Nor do we require the victim to have observed the weapon that the defendant threatened to use. *See id. See also United States v. Clark*, 294 F.3d 791, 795 (6th Cir. 2002) (holding that the defendant's threat "unaccompanied by any gestures or display of a weapon" justified a threat-of-death enhancement). Here, the teller had no way to know whether Mr. Easterling was working alone, had an accomplice, or could detonate explosives remotely. Moreover, Mr. Easterling's actions—taken before and after his threat—weigh in favor of applying the threat-of-death enhancement. The commentary to § 2B3.1

---

[1] In deciding whether the defendant's statement was a death threat, several other circuits have compared the defendant's statements to the guideline commentary's examples. *See United States v. Soto-Martinez*, 317 F.3d 477, 479 (5th Cir. 2003) ("[W]hen considered together, Soto's statements in the note that 'I have a gun' and 'I just want money' are similar to the example in the guideline commentary."). *See also United States v. Wooten*, 689 F.3d 570, 580 (6th Cir. 2012); *United States v. Jennette*, 295 F.3d 290, 292 (2d Cir. 2002); *United States v. Arevalo*, 242 F.3d 925, 928 (10th Cir. 2001); *United States v. Murray*, 65 F.3d 1161, 1167 (4th Cir. 1995); *United States v. Eaton*, 934 F.2d 1077, 1079 (9th Cir. 1991). We have done the same in an unpublished opinion. *See United States v. Pruitt*, 344 F. App'x 532, 536 (11th Cir. 2009) (comparing the defendant's statement, "Cooperate or boom and bang!" to the example, "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion).").

instructs us to consider the defendant's "statement, act, gesture or combination thereof" when determining whether the defendant made a threat of death. Before Mr. Easterling threatened the teller, he punched a bank customer. Afterward, he banged his fists on the counter and glass separating him from the teller. We believe that these actions—in combination with Mr. Easterling's clear threats—would lead a reasonable person to fear for his life.

For these reasons, we affirm the district court's application of a two-level sentencing enhancement under § 2B3.1(b)(2)(F).

**AFFIRMED.**